# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2022

Lyle W. Cayce
Clerk

No. 21-20341
Summary Calendar

Reza Ahmadi,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; David G. Gutierrez, *Chair*; Charley Valdez, *Program Supervisor III Classification and Records*, TDCJ-ID,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3260

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Reza Ahmadi, formerly Texas prisoner # 1713862, appeals the district court's denial of his motion to amend his 42 U.S.C. § 1983 complaints, which

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

he filed after this court affirmed the district court's dismissal of his § 1983 complaints as frivolous and for failure to state a claim. Relying on Federal Rule of Civil Procedure 15(b)(2), Ahmadi argues that he should be permitted to amend his complaints at this time. He further argues that his complaints are not subject to dismissal for failure to state a claim because, based on the allegations in his amended complaints, he can satisfy the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Because the district court dismissed Ahmadi's § 1983 actions, he is not permitted to amend his complaints. *See Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001). Moreover, Ahmadi's proposed arguments do not establish that his conviction or sentence has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 486-87. His § 1983 claims are therefore barred by *Heck*. *Id.* In light of the foregoing, the district court did not abuse its discretion by denying Ahmadi's motion to amend his complaints. *See Deere & Co. v. Johnson*, 271 F.3d 613, 621 (5th Cir. 2001).

Ahmadi's current appeal is DISMISSED as frivolous. This court has previously warned Ahmadi that filing frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions. *See Ahmadi v. Davis*, 806 F. App'x 329 (5th Cir. 2020). Accordingly, a SANCTION IS IMPOSED. Ahmadi is ordered to pay a monetary sanction in the amount of $100, payable to the clerk of this court. The clerk is directed not to accept for filing from Ahmadi any pleading until the sanction is paid unless he first obtains leave of this court. Ahmadi is also WARNED that the filing of frivolous, repetitive, or otherwise abusive challenges to his conviction or confinement will invite the imposition of sanctions, which can include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.